IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11398 WGY

| | |
|---|---|
| NEW ENGLAND REINSURANCE CORPORATION, ) | |
| ) | C.A. No. |
| Petitioner, ) | MAGISTRATE JUDGE Bowler |
| vs. ) | |
| ) | RECEIPT # 56732 |
| WESTCHESTER FIRE INSURANCE COMPANY, ) | AMOUNT $150 |
| (as SUCCESSOR to INTERNATIONAL INSURANCE ) | SUMMONS ISSUED Yes |
| COMPANY) (ACE USA CO.) ) | LOCAL RULE 4.1 |
| ) | WAIVER FORM |
| Respondent. ) | MCF ISSUED |
| ) | BY DPTY. CLK. TDM |
| | DATE 6/18/04 |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, New England Reinsurance Corporation ("NERCO"), hereby petitions the Court pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, to confirm a final arbitration award dated July 25, 2003 (the "Award") rendered in an arbitration between NERCO and Respondent Westchester Fire Insurance Company, as successor to International Insurance Company, (ACE USA Co.) (hereinafter, collectively "ACE") and avers in support thereof the following:

### SUBJECT MATTER JURISDICTION

1. This Court has subject matter jurisdiction under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, which provides for a petition to confirm an arbitration award to "be made to the United States court in and for the district within such award was made." The arbitration hearing took place and the Award was issued in Boston, Massachusetts. Accordingly, this Court has subject matter jurisdiction pursuant to 9 U.S.C §9 and 28 U.S.C §1331.

## PERSONAL JURISDICTION AND VENUE

2. Pursuant to Section 9 of the FAA, 9 U.S.C. §9, this Court has personal jurisdiction and venue is proper in this Court. ACE entered into reinsurance agreements with NERCO, a corporation having its principal place of business in Massachusetts. ACE agreed to submit to arbitration in Boston, Massachusetts. Moreover, the arbitration hearing took place and the Award was issued in Boston.

## PARTIES

3. Petitioner, NERCO, is a corporation organized under the laws of Delaware, with a principal place of business at 150 Federal Street Boston, Massachusetts.

4. Respondent, ACE, is a corporation organized under the laws of Pennsylvania, with a principal place of business in Philadelphia, Pennsylvania.

## BACKGROUND

5. NERCO and ACE were parties to two reinsurance agreements, known as facultative certificates (the "Certificates"), reinsuring certain ACE policies issued to IU International Corporation ("IU International"). *See* ¶ 2 of the Declaration of P. Jay Wilker ("Wilker Decl."), filed herewith.

6. A dispute arose between NERCO and ACE regarding ACE's billings to NERCO for asbestos losses arising out of ACE's settlement with its insured, IU International. *See* Wilker Decl., ¶ 4.

7. ACE instituted arbitration pursuant to the arbitration clauses in the certificates. *See* Wilker Decl., ¶ 4.

8. After discovery and briefing, the arbitration Panel held a three-day evidentiary hearing from June 30, 2003 through July 2, 2003. *See* Wilker Decl., ¶ 6.

2

9. In the arbitration proceeding, ACE argued that it was entitled to payment by NERCO for bills arising out of a loss incurred as a result of ACE's settlement with its insured, IU International. The settlement arose out of IU International's claim for insurance coverage for its asbestos liability under certain excess insurance policies issued by ACE's predecessor, two of which were reinsured by NERCO's facultative certificates. In particular, ACE argued that it was entitled to bill NERCO for the entire amount of NERCO's agreed-upon share under the facultative certificates. NERCO argued that ACE's billing was an improper acceleration of NERCO's obligation to pay, and that the entire amount was not yet due. *See* Wilker Decl., ¶¶ 4-5.

10. On July 25, 2003, the Panel issued the Award in favor of NERCO. *See* Wilker Decl., ¶ 7.

11. The Award provides as follows:

   a. With respect to NERCO facultative certificates No. 302317 and No. 2629016, which reinsure the Reinsured [ACE] as an excess umbrella insurer of IU International, by majority vote, the Reinsurer [NERCO] is not require to pay the reinsured on a "sig only" basis.

   b. NERCO should make all payments to ACE under these certificates within sixty days of the billing and be subject to a 6.5% annualized interest charge on any overdue unpaid balances.

   c. The panel retains jurisdiction until July 31, 2003, to clarify paragraph 2, above, if required.

   d. All other requests are denied.

*See* Wilker Decl., ¶ 7.

## THE AWARD SHOULD BE CONFIRMED PURSUANT TO 9 U.S.C. §9

12.  Section 9 of the FAA provides that a party may seek to have an award confirmed within one year of the making of the award, and the Court shall confirm the award where there are no grounds to vacate, modify, or correct it. 9 U.S.C. §9.

13.  It has been less than one year since the Award was made, and none of the grounds for vacating, modifying, or correcting the Award are present; therefore, this Court should confirm the Award pursuant to 9 U.S.C. §9.

WHEREFORE, for the reasons stated herein, and as more fully explained in the accompanying Memorandum of Law, NERCO respectfully petitions that this Court, pursuant to the provisions of Section 9 of the FAA, enter an Order confirming the Award and directing that judgment be entered against ACE and in favor of NERCO.

NEW ENGLAND REINSURANCE CORPORATION
By its attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP

*[signature]*

Rhonda L. Rittenberg BBO #550498
Anne-Marie Regan BBO #554317
John E. Matosky BBO #641661
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Susan E. Grondine, Esq.
Horizon Management Group, LLC
150 Federal Street
Boston, MA 02110

P. Jay Wilker, Esq.
Wilker & Lenci LLP
645 Fifth Avenue, Suite 703
New York, NY 10022

Dated: 6/18/04

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __New England Reisnurance Corporation__
   __v. Westchester Fire Insurance Company (as Successor to International Insurance Company)__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Rhonda L. Rittenberg, BBO#550498__
ADDRESS __Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109__
TELEPHONE NO. __617-456-8000__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
New England Reinsurance Corporation

### DEFENDANTS
Westchester Fire Insurance Company (as Successor to International Insurance Company)

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rhonda L. Rittenberg, BBO#550498; Anne-Marie Regan, BBO#554317
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
617-456-8000

Attorneys (If Known)
04 11398

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury—Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [X] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | | | |
| [ ] 290 All Other Real Property | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition to Confirm Arbitration Award, 9 U.S.C. sec. 9

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: June 18, 2004
SIGNATURE OF ATTORNEY OF RECORD: Anne-Marie Regan

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____