IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND REINSURANCE CORPORATION, | ) |
| Petitioner, | ) C.A. No. |
| vs. | ) |
| WESTCHESTER FIRE INSURANCE COMPANY, (as SUCCESSOR to INTERNATIONAL INSURANCE COMPANY) (ACE USA CO.) | ) 04 11398 WGY |
| Respondent. | ) |



### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION TO CONFIRM THE ARBITRATION AWARD

Petitioner, New England Reinsurance Corporation ("NERCO"), respectfully submits this memorandum of law in support of its Petition under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, to confirm a final arbitration award dated July 25, 2003 (the "Award") rendered in an arbitration between NERCO and Respondent Westchester Fire Insurance Company, as successor to International Insurance Company, (ACE USA Co.) (hereinafter, collectively "ACE").

### I. FACTUAL BACKGROUND

NERCO and ACE were parties to two reinsurance agreements, known as facultative certificates (the "Certificates"), reinsuring certain ACE policies issued to IU International Corporation ("IU International"). *See* ¶ 2 of the Declaration of P. Jay Wilker ("Wilker Decl."), filed herewith. A dispute arose between NERCO and ACE regarding ACE's billings to NERCO for asbestos losses arising out of ACE's settlement with its insured, IU International. *See* Wilker

Decl., ¶ 4. ACE instituted arbitration pursuant to the arbitration clauses in the Certificates. *See* Wilker Decl., ¶ 4. In the arbitration, ACE argued that it was entitled to bill NERCO for the entire amount of NERCO's agreed-upon share under the Certificates, whereas NERCO contended that ACE's billing was an improper acceleration of NERCO's obligation to pay, and that the entire amount was not yet due. *See* Wilker Decl., ¶ 5.

After discovery and briefing, the arbitration Panel held a three-day evidentiary hearing from June 20, 2003 through July 2, 2003. *See* Wilker Decl., ¶ 6. After due deliberations, on July 25, 2003, the Panel issued its Final Decision (the "Final Decision," or "Award"), which provides as follows:

> a. With respect to NERCO facultative certificates No. 302317 and No. 2629016, which reinsure the Reinsured [ACE] as an excess umbrella insurer of IU International, by majority vote, the Reinsurer [NERCO] is not required to pay the reinsured on a "sig only" basis.
>
> b. NERCO should make all payments to ACE under these certificates within sixty days of the billing and be subject to a 6.5% annualized interest charge on any overdue unpaid balances.
>
> c. The panel retains jurisdiction until July 31, 2003, to clarify paragraph 2, above, if required.
>
> d. All other requests are denied.

*See* Wilker Decl., ¶ 7. The parties have complied with the Final Decision. *See* Wilker Decl., ¶ 8.

## II. ARGUMENT

### The Award Should Be Confirmed Pursuant to 9 U.S.C. § 9

Section 9 of the FAA provides that a party may seek to have an award confirmed within one year of the making of the award, and the Court shall confirm the award where there are no

grounds to vacate, modify, or correct it. 9 U.S.C. §9 ("[T]he court must grant such an order [to confirm the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title"). Indeed, a Court must confirm an award as long as it is "in any way plausible." *Id.* (quoting *Gupta v. Cisco Sys., Inc.*, 274 F.3d 1, 5 (1st Cir. 2001)). Moreover, judicial review of an arbitrator's award is "extremely narrow and exceedingly deferential." *Wonderland Greyhound Park, Inc. v. Autotote Systems, Inc.*, 274 F.3d 34, 35 (1st Cir. 2001) (quoting *Wheelabrator Envirotech Operating Servs. v. Massachusetts Laborers Dist. Council Local 1144*, 88 F.3d 40, 43 (1st Cir. 1996).

Pursuant to Section 10 of the FAA, the court may vacate an award on a showing that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in one of the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing despite good cause, in refusing to hear evidence material to the controversy, or in any other misbehavior prejudicing the rights of any party; or (4) the arbitrators exceeded their powers, or have so imperfectly executed them that a mutual, final, and definite award upon the submitted subject matter was not made. 9 U.S.C. §10(a). There are no grounds in the instant matter for vacating the Award.

Section 11 of the FAA provides that the court may modify or correct an award to effect the intent thereof and promote justice between the parties upon a showing that: (1) there was an evident material miscalculation of figures or evident material mistake in the description of any person, thing, or property referenced in the award; (2) the arbitrators have awarded on a matter not submitted to them, unless it is a matter not affecting the merits of the decision on the submitted matter; or (3) where the award is imperfect in matter of form not affecting the merits

of the controversy. 9 U.S.C. §11. There are no grounds in the instant matter requiring modification or correction of the Award.

It has been less than one year since the Award was made, and none of the grounds for vacating, modifying, or correcting the Award is present. As such, this Court must confirm the Award pursuant to 9 U.S.C. §9.

### III. CONCLUSION

For the reasons set forth herein, NERCO respectfully requests that this Court confirm the Award and direct that judgment be entered.

NEW ENGLAND REINSURANCE CORPORATION
By its attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP


Rhonda L. Rittenberg BBO #550498
Anne-Marie Regan BBO #554317
John E. Matosky BBO #641661
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Susan E. Grondine, Esq.
Horizon Management Group, LLC
150 Federal Street
Boston, MA 02110

P. Jay Wilker, Esq.
Wilker & Lenci LLP
645 Fifth Avenue, Suite 703
New York, NY 10022

Dated: 6/18/04

4