IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| NEW ENGLAND REINSURANCE CORPORATION,<br><br>    Petitioner,<br>vs.<br><br>WESTCHESTER FIRE INSURANCE COMPANY,<br>(as SUCCESSOR to INTERNATIONAL INSURANCE<br>COMPANY) (ACE USA CO.)<br><br>    Respondent. | C.A. No.<br><br>04 11398 WGY |

## DECLARATION OF P. JAY WILKER

I, P. Jay Wilker, declare under penalty of perjury as follows:

1. I am a partner with the New York law firm of Wilker & Lenci LLP, and served as counsel to Petitioner, New England Reinsurance Corporation ("NERCO"), in the arbitration proceedings brought against it by Respondent, Westchester Fire Insurance Company, as successor to International Insurance Company, (ACE USA Co.) (hereinafter, collectively "ACE"). I make this affidavit based upon personal knowledge.

2. NERCO and ACE were parties to two reinsurance agreements known as facultative certificates (the "Certificates"), pursuant to which Nerco agreed to reinsure certain ACE policies issued to IU International Corporation ("IU International"). Certificate No. 302317, in effect from March 1, 1981 to March 1, 1982, reinsured ACE Policy No. 5230674801 and Certificate No. 262016, also in effect from March 1, 1981 to March 1, 1982, reinsured ACE Policy No. 522010878. I certify that a true and accurate copy of Certificate No. 302317 is attached hereto as Exhibit 1 and a true and accurate copy of Certificate No. 262016 is attached hereto as Exhibit 2.

3. Each Certificate contains an arbitration clause providing as follows:

> Should an irreconcilable difference of opinion arise as to the interpretation of this Contract, it is hereby mutually agreed that, as a condition precedent to any right of action hereunder such difference shall be submitted to arbitration, on arbiter to be chosen by the Company, one by the Reinsurer, and an umpire to be chosen by the two arbiters before they enter upon arbitration. In the event that either party should fail to choose an arbiter

1

within sixty days following a written request by the other party to enter upon arbitration, the requesting party may choose two arbiters who shall in turn choose an umpire before entering upon arbitration. Each party shall present its case to the arbiters within sixty days following the date of their appointment. The decision of the arbiters shall be final and binding upon both parties, but failing to agree they shall call in the umpire and the decision of the majority shall be final and binding upon both parties. Each party shall bear the expenses of its own arbiter, and shall jointly and equally bear with the other the expense of the umpire and of the arbitration. In the event that the two arbiters are chosen by one party, as above provided, the expense of the arbiters, the umpire and the arbitration shall be equally divided between the two parties.

Any such arbitration shall take place at Boston, Massachusetts, unless some other location is mutually agreed upon by the two parties in interest.

See Exhibit 1, paragraph 7 and Exhibit 2, paragraph 7.

4. NERCO objected to ACE's billing of certain asbestos losses arising out of settlement between ACE and its insured, IU International. ACE instituted arbitration pursuant to the arbitration clauses in the Certificates. I was retained by NERCO to represent its interests in the arbitration

5. The dispute involved the question of whether ACE was attempting to improperly accelerate reinsurance billings under the Certificates to NERCO for losses arising out of ACE's settlement with IU International. ACE argued that it was entitled to bill NERCO for the entire amount of NERCO's agreed-upon share under the Certificates, whereas NERCO contended that the entire amount was not yet due.

6. After discovery and briefing, the parties conducted a full hearing of the controversy before the arbitration panel in Boston, Massachusetts from June 30, 2003 through July 2, 2003. I attended the hearing as counsel for NERCO. Both parties, through their respective counsel, presented documentary evidence and witness testimony, and argued their positions to the panel.

7. The arbitration panel issued its Final Decision, dated July 25, 2003 (the "Final Decision"). The Final Decision provides:

   a. With respect to Nerco facultative certificates No. 302317 and No. 2629016, which reinsure the Reinsured [ACE] as an excess umbrella insurer of IU International, by majority vote, the Reinsurer [Nerco] is not require to pay the reinsured on a "sig only" basis.

   b. Nerco should make all payments to ACE under these certificates within sixty days of the billing and be subject to

2

        a 6.5% annualized interest charge on any overdue unpaid balances.

   c.    The panel retains jurisdiction until July 31, 2003, to clarify paragraph 2, above, if required.

   d.    All other requests are denied.

I certify that a true and accurate copy of the Final Decision is attached hereto as Exhibit 3.

8.    The parties have complied with the Final Decision.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 15th DAY OF JUNE 2004.**

                                              P. Jay Wilker