UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND REINSURANCE
CORPORATION

                Petitioner,

         v.

WESTCHESTER FIRE INSURANCE COMPANY
(as successor to International Insurance Company)
(ACE USA Co.),

                Respondent.

CIVIL ACTION NO.
1:04-CV-11398 WGY

## RESPONDENT, WESTCHESTER FIRE INSURANCE COMPANY'S, RESPONSE TO PLAINTIFF'S PETITION TO CONFIRM ARBITRATION AWARD

Respondent, Westchester Fire Insurance Company ("Westchester"), hereby responds to New England Reinsurance Corporation's ("NERCO's") Petition to Confirm Arbitration Award, and avers as follows:

1.      Denied in part, admitted in part. Westchester respectfully denies that this Court has subject matter jurisdiction on the grounds asserted by NERCO. On the contrary, federal courts do not have inherent jurisdiction to confirm an arbitration award under § 9 of the Federal Arbitration Act; rather, such jurisdiction exists only if conferred by the parties in the arbitration agreement itself. As evidenced by the arbitration agreement involved in the underlying dispute (*see* Exhibit 1 of the Wilker Declaration in Support of NERCO's Petition at ¶7), the parties' arbitration agreement does not confer jurisdiction for confirmation to the federal court system. Thus, contrary to NERCO's assertions, this Court does not have subject matter jurisdiction under 9 U.S.C.§ 9 and 28 U.S.C. § 1331. Notwithstanding those facts and NERCO's improper pleading of subject matter jurisdiction, Westchester recognizes that this Court would have

subject matter jurisdiction under 28 U.S.C. § 1332 based on the diversity of the parties, since the parties are citizens of different states and the amount at issue in the underlying arbitration was in excess of $75,000.

2.     Denied in part, admitted in part.  Westchester denies that the underlying arbitration award was issued in Boston; on the contrary, it was issued from the umpire's New Jersey office to the parties' respective counsel, who were located in New York and Philadelphia. Notwithstanding this, Westchester acknowledges that this Court has personal jurisdiction over the parties for the purposes of NERCO's Petition, and that venue would be proper in this Court for resolution of NERCO's Petition.

3.     Admitted.

4.     Denied.  Westchester denies NERCO's assertions regarding Westchester's place of incorporation and principal place of business.  In point of fact, Westchester is a corporation organized under the laws of New York, with its principal place of business in Atlanta, Georgia.

5.     Admitted.

6.     Denied as stated.  Westchester admits that a dispute arose between NERCO and Westchester regarding Westchester's billings to NERCO for asbestos-related losses of its insured, IU International.  Westchester denies the balance of NERCO's characterization of the billings.

7.     Admitted.

8.     Admitted.

9.     Denied in part, admitted in part.  Westchester denies NERCO's characterization of the circumstances of Westchester's payment to its insured, IU International.  Westchester admits NERCO's description of the parties' respective arguments in the underlying arbitration.

10.     Denied in part, admitted in part.  Westchester denies NERCO's characterization of the underlying arbitration award as being in favor of one party or the other.  Westchester admits that the arbitration panel issued an award on July 25, 2003.  Westchester further states that that arbitration award was clarified at the parties' request by an August 1, 2004 e-mail.  *See* Declaration of David Weiss ("Weiss Decl.") ¶6 and Exhibit B thereto.

11.     Admitted that NERCO's petition accurately repeats what appears in the arbitration panel's July 25, 2003 award.  Westchester further states that that award was clarified at the parties' request by an August 1, 2003 e-mail from the Panel.  *See* Weiss Decl. at ¶6.

12.     Admitted.

13.     Admitted in part.  Westchester admits that it has been less than one year since the panel in the underlying arbitration issued its award, and that none of the grounds for vacating, modifying, or correcting the award are present.  Westchester agrees that this Court should confirm the arbitration award, as clarified by the panel's August 1, 2003 e-mail.  However, in doing so the Court should respect the agreed confidentiality of the arbitration, as detailed below.

## OTHER MATTER

14.     Before the hearing in the underlying arbitration began, the parties and the arbitration panel agreed to maintain permanently the confidentiality of that arbitration and any

awards issued therein. In particular, the parties and the arbitration panel executed a "standard form" Confidentiality Agreement, which provides in relevant part:

> 2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, Westchester Fire Insurance Company and New England Reinsurance Company agree that all briefs, depositions, and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

> 3. Disclosure of Arbitration Information may be made: ... (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award;.... In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submission of Arbitration Information to a court shall be sealed.... In all contexts, both parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

*See* Weiss Decl. at ¶4 and Exhibit A thereto.

15.     At the time the parties entered into this Confidentiality Agreement, both parties were aware that the issues to be addressed in the underlying arbitration were repetitive issues likely to arise between the parties, and/or their respective affiliates, in the future. *See* Weiss Decl. at ¶5.

16.     In such circumstances, some parties to an arbitration decide to modify the "standard form" Confidentiality Agreement, adding language to paragraph 2 that would

-4-

specifically permit the use of Arbitration Information in future dispute resolution proceedings between the parties and/or their respective affiliates. *See* Weiss Decl. at ¶5.

17.    In connection with the underlying arbitration, however, the parties never agreed to such an exception to the Confidentiality Agreement, and no such language was added to the Confidentiality Agreement.  Weiss Decl. at ¶5 and Exhibit A thereto.

18.    During a conversation with NERCO's counsel on July 2, 2004 regarding another dispute between NERCO and a Westchester affiliate involving the same repetitive issue as in the underlying arbitration, NERCO indicated it might attempt to confirm the Arbitration Award in order to circumvent the Confidentiality Agreement in the underlying arbitration.  At that time, Westchester's counsel was not aware that NERCO had actually filed a petition to confirm, or that such a petition been filed not under seal.  *See* Weiss Decl. ¶¶8-9.

19.    Any such attempted use of the underlying arbitration award would violate the express terms of the Confidentiality Agreement.  *See* Weiss Decl. Exhibit A thereto.

20.    In response to that, Westchester's counsel (among other things) reminded NERCO's counsel that if NERCO ever filed a petition to confirm, NERCO was obligated under the Confidentiality Agreement to file such a petition under seal and to take the steps necessary to limit disclosure of the Arbitration Award and other Arbitration Information from the underlying arbitration.

21.    Later in the day on July 2, 2004, NERCO for the first time attempted to comply with its obligations under the Confidentiality Agreement and belatedly filed a Motion to Seal the Record in this matter.

22.     Given the terms of the Confidentiality Agreement, and NERCO's apparent (and improper) intent to use the confirmation process to circumvent the Confidentiality Agreement, any confirmation order issued in this matter should simply incorporate the arbitration award by reference, and not disclose the particular findings in that arbitration award.

## REQUEST FOR ORAL ARGUMENT

23.     Pursuant to Local Rule 7.1d, Westchester hereby requests oral argument before the Court regarding this matter.

WHEREFORE, for the reasons stated herein, and as more fully explained in the accompanying Memorandum of Law, Westchester respectfully requests that to the extent the Court enters an order confirming the underlying arbitration award, the Court's order not enable NERCO to circumvent the clear Confidentiality Agreement between the parties, but rather simply incorporate the underlying arbitration award by reference and state that that award is confirmed, without disclosing the particular findings of that award.

Respectfully submitted,

WESTCHESTER FIRE INSURANCE COMPANY,

By Its Attorney

David B. Chaffin, Esquire
B.B.O. # 549245
**HARE & CHAFFIN**
160 Federal Street
Boston, MA 02110
(617) 330-5000

-6-

DOCS_PH 1608839v1

OF COUNSEL:

Thomas A. Allen, Esquire
David Weiss, Esquire
**WHITE AND WILLIAMS LLP**
1800 One Liberty Place
Philadelphia, PA  19103


Dated: July 12, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on *7.12.04*

-7-