## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND REINSURANCE CORPORATION | CIVIL ACTION NO. 1:04-CV-11398 WGY |
| Petitioner, | |
| v. | |
| WESTCHESTER FIRE INSURANCE COMPANY (as successor to International Insurance Company) (ACE USA Co.), | |
| Respondent. | |

### DECLARATION OF DAVID WEISS

I, David Weiss, declare under penalty of perjury as follows:

1. I am an associate in the law firm of White and Williams LLP, and served as counsel for Westchester Fire Insurance Company ("Westchester") in the arbitration captioned *Westchester Fire Insurance Company, as successor to International Insurance Company v. New England Reinsurance Company* (hereinafter the "Underlying Arbitration"). I make this affidavit based on personal knowledge.

2. The hearing in the Underlying Arbitration was held June 30-July 2, 2003 in Boston, Massachusetts.

3. Before that hearing commenced, the parties and the arbitration panel in the Underlying Arbitration executed a "standard form" Confidentiality Agreement. A true and correct copy of that Confidentiality Agreement is attached hereto as Exhibit A.

4. That Confidentiality Agreement stated in relevant part,

> 2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, Westchester Fire Insurance Company and New England Reinsurance Company agree that all briefs, depositions, and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will

> be kept confidential. This Confidentiality Agreement will
> remain in effect even after conclusion of the arbitration
> proceedings.
>
> 3. Disclosure of Arbitration Information may be made: ...
> (b) in connection with court proceedings relating to any
> aspect of the arbitration, including but not limited to
> motions to confirm, modify or vacate an arbitration
> award;.... In connection with any disclosures pursuant to
> subparagraph (b), the parties agree, subject to court
> approval, that all submission of Arbitration Information to
> a court shall be sealed.... In all contexts, both parties will
> make good-faith efforts to limit the extent of the
> disclosures, if any, to be made, and will cooperate with
> each other in resisting or limiting disclosure of Arbitration
> Information.

*See* Exhibit A hereto.

5. At the time the parties and panel executed the Confidentiality Agreement, both parties were aware that the issues to be addressed in the Underlying Arbitration were repetitive issues that were likely to arise between the parties, and/or their respective affiliates, in the future. In such circumstances, some parties to an arbitration decide to modify the "standard form" Confidentiality Agreement, by adding language in the second paragraph of the Confidentiality Agreement that would specifically permit the use of Arbitration Information in future dispute resolution proceedings between the parties and/or their respective affiliates. In connection with the Underlying Arbitration, however, Westchester and NERCO never agreed to such an exception to the Confidentiality Agreement, and no such language was added to the Confidentiality Agreement.

6. The Panel issued an award in the Underlying Arbitration on July 25, 2003, and retained jurisdiction to clarify that award if necessary. Following inquiries by the parties regarding one aspect of that award, the Panel issued an e-mail on August 1, 2003 clarifying that aspect of the award. A true and correct copy of that e-mail is attached hereto as Exhibit B. The July 25, 2003 award and August 1, 2003 e-mail are collectively referred to herein as the "Arbitration Award."

7. Since August 1, 2003, the parties have fully complied with the Arbitration Award.

8. As of July 2, neither I, nor other counsel for Westchester at White and Williams LLP, was aware that NERCO had filed a Petition to Confirm the Arbitration Award, or that such a petition had been filed not under seal.

9. During a conversation with NERCO's counsel on July 2, 2004 concerning another dispute between NERCO and a Westchester affiliate involving the same

repetitive issue as was involved in the underlying arbitration, I came to understand that NERCO might attempt to confirm the Arbitration Award in order to circumvent the Confidentiality Agreement in that arbitration. In response to that, I (among other things) reminded NERCO's counsel that if NERCO ever filed a petition to confirm, NERCO was obligated under the Confidentiality Agreement to file such a petition under seal and to take the steps necessary to limit disclosure of the Arbitration Award or other Arbitration Information.

       10.    At approximately 4:30 p.m. on July 2, 2004, I received an e-mail from John E. Matosky, counsel for NERCO in this matter, with an electronic courtesy copy of NERCO's Motion to Seal the Record in this proceeding.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 12th DAY OF JULY, 2004.

_____
DAVID WEISS

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by ~~mail~~ hand on 7·12·04

-3-

DOCS_PH 1607518v1