# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

NEW ENGLAND REINSURANCE
CORPORATION

       Petitioner,

   v.

WESTCHESTER FIRE INSURANCE COMPANY
(as successor to International Insurance Company)
(ACE USA Co.),

       Respondent.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:04-CV-11398 WGY

## RESPONDENT, WESTCHESTER FIRE INSURANCE COMPANY'S EMERGENCY MOTION FOR RECONSIDERATION OF MOTION TO SEAL

Pursuant to F.R.C.P. 60, Respondent, Westchester Fire Insurance Company ("Westchester"), respectfully requests that this Court 1) agree to reconsider, on an emergency basis, the Motion to Seal in the above-captioned matter, 2) immediately rescind its July 12 Electronic Order *ab initio*; and 3) take such other steps necessary to avoid dissemination of information the Court might order sealed on reconsideration of the Motion to Seal.  In support of its motion for reconsideration, Westchester avers as follows:

  1.  On June 18, 2004, New England Reinsurance Corporation ("NERCO") filed a Petition to Confirm Arbitration Award in this matter with respect to a June 30-July 2, 2003 arbitration between Westchester and NERCO.

  2.  On July 2, 2004, New England Reinsurance Corporation ("NERCO") filed a Motion to Seal the Record in this matter, citing a Confidentiality Agreement between the parties in the underlying arbitration and asserting (incorrectly) that Westchester's counsel had requested

that NERCO file the motion. The motion made no effort to limit what should, and should not, be sealed. *See* Declaration of David Weiss ("Weiss Decl.") at ¶¶12-13 and Exhibit C thereto.

3.    Counsel for Westchester received a courtesy copy of the Motion to Seal at 4:30 p.m. on July 2. That was the first notice the Westchester personnel responsible for the underlying arbitration or Westchester's counsel had that NERCO had even filed the instant litigation. *See* Weiss Decl. at ¶11.

4.    Westchester timely filed responsive papers to NERCO's Petition to Confirm the Arbitration Award and Motion to Seal at the end of the day on July 12, 2004. With respect to the Motion to Seal, Westchester pointed out that (contrary to NERCO's overreaching sealing request), a more limited sealing of the record was appropriate. In particular, Westchester asked that the Court redact from the public record (in accordance with the parties' Confidentiality Agreement in the underlying arbitration) references to the particular findings of the Arbitration Award and the parties' arguments in the underlying arbitration. *See* Weiss Decl. at ¶14 and Exhibit D thereto.

5.    Westchester's request for a limited sealing of the record properly balanced the public's interest in the confirmation process and the parties' interest in the confidentiality of the underlying proceedings.

6.    Westchester also respectfully requested oral argument before the Court regarding this matter under Local Rule 7.1(d). *See* Weiss Decl. Exhibit D.

7.    During the day on July 12 – before Westchester filed its papers and, therefore, before the Court had an opportunity to consider Westchester's proposal for a limited sealing of

the record and request for oral argument – an Electronic Order was entered by this Court denying NERCO's motion to seal. *See* Weiss Decl. ¶15 and Exhibit E thereto.

8.      Westchester believes that NERCO's failure from the outset to file under seal the portions of its Petition to Confirm that were covered by the parties' Confidentiality Agreement, and NERCO's request that the Court seal the entire record, were calculated steps taken to ensure that the underlying arbitration award would be part of the public record, enabling NERCO to circumvent the restrictions of the Confidentiality Agreement in the underlying arbitration.

9.      As detailed in Westchester's response to NERCO's motion to seal and petition to confirm, Westchester, NERCO, and the arbitration panel in the underlying arbitration had entered into a Confidentiality Agreement at the outset of the underlying arbitration that prohibited the disclosure of the arbitration award and other elements of the arbitration. That Confidentiality Agreement created <u>no exceptions</u> for disclosing the award in that arbitration in any future proceedings between the parties or their respective affiliates, even though the parties knew at the time that the issue in the arbitration was a repetitive one and that language could have been added to the Confidentiality Agreement that would have created such an exception. *See* Weiss Decl. at ¶¶3-5 and Exhibit A thereto.

10.      During a conversation with NERCO's counsel on July 2, 2004 regarding another dispute between NERCO and a Westchester affiliate involving the same repetitive issue as in the underlying arbitration, NERCO indicated to Westchester's counsel that NERCO might attempt to confirm the Arbitration Award in order to circumvent the Confidentiality Agreement in the underlying arbitration. At that time, Westchester's counsel was not aware that NERCO had already filed a petition to confirm, or that such a petition been filed not under seal. *See* Weiss Decl. ¶¶8-9.

11.    Any such attempted use of the underlying arbitration award would violate the express terms of the Confidentiality Agreement. *See* Weiss Decl. Exhibit A thereto.

12.    It was that comment by NERCO's counsel that led Westchester's counsel to remind NERCO of its obligations under the Confidentiality Agreement to file any petition to confirm under seal and to take the steps necessary to limit disclosure of the Arbitration Award and other Arbitration Information from the underlying arbitration. *See* Weiss Decl. at ¶9.

13.    Contrary to the assertion in NERCO's motion to seal, Westchester's counsel did not request that NERCO file a motion to seal the entire record on its petition; indeed, had Westchester's counsel known about the existing petition (which he did not), he would have insisted that NERCO file a limited motion to seal the information covered by the Confidentiality Agreement (as described in Westchester's response to NERCO's motion), not an omnibus motion to seal the entire record that was doomed to be denied by the Court as overreaching. *See* Weiss Decl. at ¶10.

14.    Instead of filing a narrowly-focused motion to seal, consistent with its obligations under the Confidentiality Agreement, NERCO filed a broad-brush motion to seal that requested the Court to seal the entire record of its petition to seal – a motion that the Court was most likely to find (and apparently did find) to be overreaching. Weiss Decl. at ¶12 and Exhibit C thereto.

15.    Since the Court's July 12 Electronic Order denying the Motion to Seal, NERCO has since taken steps to use the unsealed court filings to its perceived advantage in a dispute against a Westchester affiliate, advising third parties of the existence of the confidential Arbitration Award and that that award is available in the public record due to the Court's July 12 ruling.

WHEREFORE, for the reasons stated herein and in the Memorandum in support hereof, and as more fully explained in the Westchester's responsive papers to NERCO's Petition to Confirm and Motion to Seal, Westchester respectfully requests that the Court not enable NERCO to use this Court to circumvent the clear Confidentiality Agreement between the parties, but rather reconsider its ruling on NERCO's Motion to Seal.  In particular, Westchester respectfully requests that the Court 1) agree to reconsider, on an emergency basis, the Motion to Seal in the above-captioned matter; 2) immediately rescind its July 12 Electronic Order *ab initio*; and 3) and take such other steps necessary to avoid dissemination of information the Court might order sealed on reconsideration

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Westchester hereby requests oral argument before the Court regarding the petition for reconsideration and the motion for sealing.

Respectfully submitted,

WESTCHESTER FIRE INSURANCE COMPANY,
By Its Attorney

David B. Chaffin, Esquire
**HARE & CHAFFIN**
160 Federal Street
Boston, MA 02110
B.B.O. # 549245

OF COUNSEL:
Thomas A. Allen, Esquire
David Weiss, Esquire
**WHITE AND WILLIAMS LLP**
1800 One Liberty Place
Philadelphia, PA  19103

Dated: July 22, 2004

## CERTIFICATION OF CONSULTATION

Pursuant to Rule 7.1(A) of the Local Rules of this Court, I certify that I have attempted to confer and attempt in good faith to resolve or narrow the issues presented by this motion but have been unable to do so.

David B. Chaffin

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 7.22.03