UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND REINSURANCE
CORPORATION

        Petitioner,

v.

WESTCHESTER FIRE INSURANCE COMPANY
(as successor to International Insurance Company)
(ACE USA Co.),

        Respondent.

CIVIL ACTION NO.
1:04-CV-11398 WGY

## RESPONDENT, WESTCHESTER FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION FOR RECONSIDERATION OF MOTION TO SEAL

### I. INTRODUCTION

When NERCO filed its Petition to Confirm, and its Motion to Seal, it did so for the purpose of avoiding its obligations under a clear Confidentiality Agreement, in order to publicize the results in the underlying arbitration. Consistent with that goal, NERCO's motion to seal was overbroad and presented an incomplete, inaccurate picture of the circumstances of its filing. Westchester's timely response to NERCO's Motion to Seal highlighted these facts, and proposed a narrowly-focused sealing of only those portions of documents covered by the parties' Confidentiality Agreement – a sealing that is supported by applicable law and would properly balance the interests of maintaining and enforcing the Confidentiality Agreement and the Court's interest in public access to the arbitration confirmation process.

The Court entered its Electronic Order before Westchester's papers were filed. Westchester respectfully submits that once the Court reads Westchester's response to NERCO's Motion to Seal, the Court will agree that the <u>narrow</u> sealing proposed by Westchester is supported

DOCS_PH 1612257v1

by the applicable law and strikes an appropriate balance between maintaining the parties' Confidentiality Agreement and the Court's interest in ensuring public access to the arbitration confirmation process.

Accordingly, Westchester requests that the Court grant Westchester's Emergency Motion for Reconsideration in the interest of justice. In addition, given the obvious risks in leaving in the public record information that the Court may subsequently seal (including NERCO disclosing the confidential Arbitration Award in disputes with Westchester affiliates), Westchester respectfully requests that the Court handle this matter on an emergency basis, and that it take the steps necessary to ensure that any sealing order entered upon reconsideration is not mooted in the interim.

## II.   BACKGROUND

Westchester and NERCO participated in a reinsurance arbitration hearing in Boston, Massachusetts from June 30 through July 2, 2003. Before that hearing began, the parties and the arbitration panel agreed to maintain permanently the confidentiality of that arbitration and any awards issued therein. In particular, the parties and the arbitration panel executed a "standard form" Confidentiality Agreement, which provides in relevant part:

> 2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, Westchester Fire Insurance Company and New England Reinsurance Company agree that all briefs, depositions, and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

> 3. Disclosure of Arbitration Information may be made: ... (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award;.... In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submission of Arbitration Information to a court shall be sealed.... In all contexts, both parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

*See* Declaration of David Weiss ("Weiss Decl.") at ¶4 and Exhibit A thereto.

At the time the parties entered into this Confidentiality Agreement, both parties were aware that the issues to be addressed in the arbitration were repetitive issues likely to arise between the parties, and/or their respective affiliates, in the future. In such circumstances, some parties to an arbitration decide to modify the "standard form" Confidentiality Agreement, adding language to paragraph 2 that would specifically permit the use of Arbitration Information in future dispute resolution proceedings between the parties and/or their respective affiliates. *See* Weiss Decl. at ¶5. In connection with the underlying arbitration, however, the parties never agreed to such an exception to the Confidentiality Agreement, and no such language was added to the Confidentiality Agreement. *See* Weiss Decl. at ¶5 and Exhibit A thereto.

Following a three-day hearing, the panel in the underlying arbitration issued an award on July 25, 2003, and retained jurisdiction to clarify that award if necessary. Following inquiries by the parties regarding one aspect of that award, the Panel issued an e-mail on August 1, 2003 clarifying that aspect of the award. *See* Weiss Decl. at ¶6 and Exhibit B thereto. (The July 25, 2003 award and the August 1, 2003 clarification are hereafter collectively referred to as the "Arbitration Award").

Since then, as NERCO has acknowledged, both parties have fully complied with the terms of the Arbitration Award. *See* Weiss Decl. at ¶7.

NERCO filed the instant Petition for Confirmation on June 18, 2004, and allegedly attempted service of the Petition on Westchester by mailing it to the Legal Department at the Division of Insurance in Massachusetts on June 22, 2004.

During a conversation with NERCO's counsel on July 2, 2004 regarding another dispute between NERCO and a Westchester affiliate involving the same repetitive issue as in the underlying arbitration, counsel for Westchester came to understand that NERCO might attempt to confirm the Arbitration Award in order to circumvent the Confidentiality Agreement in the underlying arbitration. In response to that, Westchester's counsel (among other things) reminded NERCO's counsel that if NERCO ever filed a petition to confirm, NERCO was obligated under the Confidentiality Agreement to file such a petition under seal and to take the steps necessary to limit disclosure of the Arbitration Award and other Arbitration Information from the underlying arbitration. At the time, Westchester's counsel was unaware that NERCO had already filed a petition to confirm, or that such a petition had been filed not under seal. *See* Weiss Decl. at ¶8. Thus, Westchester's counsel did not request that NERCO file a motion to seal the entire record in this matter. Indeed, had he known that NERCO had filed the instant litigation, Westchester's counsel would have insisted that NERCO file a limited motion to seal the information covered by the Confidentiality Agreement, not an omnibus motion to seal the entire record.

Nevertheless, at approximately 4:30 p.m. on July 2, Westchester's counsel received via e-mail a courtesy copy of NERCO's Motion to Seal in this matter. That Motion to Seal inaccurately stated that the Motion was filed at the request of Westchester's counsel. *See* Weiss Decl. at ¶¶ 10, 13.

Westchester timely filed a response to NERCO's Petition to Confirm and Motion to Seal at the end of the day on July 12. *See* Weiss Decl. at ¶14 and Exhibit D thereto. As relevant here,

that response set forth the above facts and highlighted to the Court NERCO's intended improper use of the confirmation proceedings. That response also cited relevant case authorities in support of a limited sealing of the record in this matter, one that would properly balance the public's interest in access to the confirmation process and the parties' legitimate interest in the confidentiality of the underlying arbitration. In particular, Westchester asked that the Court enter an Order that the particular findings in the Arbitration Award or the parties' arguments in the underlying arbitration would be permanently kept under seal, and that a redacted version (redacting the references to the particular findings of the Arbitration Award and the parties' arguments in the underlying arbitration) be otherwise made available to the public. *See id.* Westchester's response also requested an oral argument under Local Rule § 7.1(d). *See id.*

Before the Court received Westchester's papers, and therefore before the Court had an opportunity to consider the factual history, arguments, case law, and alternate narrow sealing request put forward by Westchester, the Court entered an Electronic Order during the day on July 12, denying NERCO's Motion to Seal in its entirety. *See* Weiss Decl. at ¶15 and Exhibit E thereto.

And as anticipated, NERCO has since taken steps to use the unsealed court filings to NERCO's perceived advantage in a dispute against a Westchester affiliate, advising third parties of the existence of the confidential Arbitration Award and that that award is available in the public record due to the Court's July 12 ruling. <u>This was NERCO's purpose from the start of the instant proceedings.</u>

### III. <u>ARGUMENT</u>

#### A. **This Motion Needs to Be Resolved on an Emergency Basis Due to the Irreparable Harm to Be Suffered Absent Prompt Relief.**

The Court's July 12 Electronic Order makes public a copy of, and documents quoting, an Arbitration Award and arguments made by the parties in an arbitration that the parties had agreed

from the outset would be kept confidential. NERCO has already evidenced its intent to use unsealed filings in this Court to circumvent the Confidentiality Order, and to advise third parties (to NERCO's perceived advantage) of the Arbitration Award notwithstanding the Confidentiality Agreement's requirements to the contrary.

As detailed further below, good cause exists for the Court to reconsider that Electronic Order. Should the Court reconsider the Electronic Order and grant the relief sought by Westchester (narrowly-focused sealing of the record), then the longer the time before that Electronic Order is rescinded, the greater the likelihood that any subsequent sealing order would be mooted by intervening public dissemination of the Arbitration Award by NERCO or others. Therefore, in order to ensure that the Court enters meaningful orders and to avoid manifest injustice and irreparable harm, Westchester requests that the Court address this Motion for Reconsideration on an expedited basis, immediately rescind its July 12 Electronic Order *ab initio*, and take such other steps necessary to avoid dissemination of information the Court might order sealed on reconsideration.

### B. Standard for Motion for Reconsideration.

F.R.C.P. 60 provides that a party is entitled to relief from a judgment or order as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (6) any other reason justifying relief from the operation of the judgment.

F.R.C.P. 60. In the first instance, the court should assume the truth of fact-specific statements in a Rule 60(b) motion. *See, e.g., Teamsters, Chauffers, Warehousement and Helpers Union, Local No. 59 v. Superline Transportation Co.*, 953 F.2d 17, 18 (1st Cir. 1992). The Court's decision on whether to grant a motion for reconsideration under F.R.C.P. 60 is commended to the Court's

discretion, though applicable precedent encourages the Court to vacate orders "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949); *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002); *Teamsters, Chauffers*, 953 F.2d at 18.

### C. Reconsideration is Proper Here Because The Court Issued Its Ruling Before Having the Opportunity to Review Westchester's Response Papers

At the time the Court entered its Electronic Order, it had before it only NERCO's Motion to Seal – a limited, partially incorrect, picture of the situation before the Court. Indeed, based on NERCO's filing, the Court had every reason to believe (incorrectly) that Westchester agreed with NERCO's request to fully seal the confirmation proceedings. Therefore, the Court's response was based on incomplete, and inaccurate, information before it.

As evidenced by Westchester's timely-filed response papers, Westchester did not (as NERCO's motion alleged) direct NERCO to request the Court to fully seal the confirmation proceedings. On the contrary, at the time NERCO filed its Motion to Seal, Westchester's counsel had no knowledge that NERCO had filed a Petition to Confirm, and therefore could not have (and did not) direct NERCO to file the Motion to Seal as it did. Indeed, had Westchester's counsel known about the existing Petition to Confirm, he would have insisted that NERCO file a limited motion to seal the information covered by the Confidentiality Agreement (as described in Westchester's response to NERCO's motion), not an omnibus motion to seal the entire record. *See* Weiss Decl. at ¶10. The Court was obviously under a misapprehension regarding Westchester's position vis-à-vis NERCO's motion as a result of the misleading statement in ¶2 of that motion, since the Court entered its Order before receiving or reviewing Westchester's responsive papers.

And as further evidenced by Westchester's responsive papers, Westchester did not agree that the entire record of the confirmation proceedings should be kept under seal by the Court. On

-7-

the contrary, Westchester advocated a limited sealing of the record – redacting just the portions of the record covered by the Confidentiality Agreement – and cited important case law precedent in support of that approach. *See* Weiss Decl. Exhibit D at § III. For example, Westchester discussed the rulings in *Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 2004 WL 1376409 at *2 (N.D. Ill. June 17, 2004) and *DiRussa v. Dean Witter Reynolds*, 121 F.3d 818 (2d Cir. 1997), *cert. den.* 522 U.S. 1049, 118 S.Ct. 695, 1392 L.Ed. 639 (1998), both of which support the proposition that the court should uphold the confidentiality agreement in an underlying arbitration (including maintaining references to confidential material under seal) and not permit one party to use the confirmation process to circumvent that agreement. *See id.* at 6-7. Accordingly, Westchester believes that had the Court had the opportunity to review Westchester's actual position and arguments in support of that position (including oral argument, as requested by Westchester), the Court would have agreed that a limited sealing was appropriate in this case.

Given these facts, Westchester respectfully submits that justice requires that the Court reconsider its ruling on the Motion to Seal, particularly in light of Westchester's filings on this matter.

### D. Reconsideration is Proper Here Because the Court Issued Its Ruling Based on a False Representation by NERCO

As discussed above, NERCO incorrectly stated in its Motion to Seal that counsel for Westchester requested that NERCO file a motion to seal the entire record of the confirmation proceeding. Clearly, that statement was false: Westchester's counsel did not even know that NERCO had filed the Petition to Confirm until <u>after</u> NERCO filed its Motion to Seal, and Westchester's counsel would not have agreed (and, as evidenced by Westchester's responsive papers, did not agree) that a complete sealing of the record was necessary in this case. The Court entered its Electronic Order before it had received and reviewed Westchester's responsive papers

and request for oral argument. Again, justice requires that the Court reconsider its ruling on the Motion to Seal in light of <u>both</u> parties' written and oral submissions on the issue.

## IV. CONCLUSION

Based on the foregoing, Westchester respectfully requests that the Court reconsider on an emergency basis its ruling on the Motion to Seal based on the papers and oral argument of <u>both</u> parties, and that the Court enter an order partially sealing the record on the basis set forth in Westchester's response to NERCO's Motion to Seal. Further, in the event this Court decides to reconsider its July 12 Electronic Order, Westchester respectfully requests that the Court immediately rescind that Electronic Order *ab initio*, and take such other steps necessary to avoid dissemination of information the Court might order sealed on reconsideration, so that any subsequently-issued sealing order will not be mooted by intervening public disclosures of the information to be sealed.

Respectfully submitted,

WESTCHESTER FIRE INSURANCE COMPANY,
By Its Attorney

_____
David B. Chaffin, Esquire
**HARE & CHAFFIN**
160 Federal Street
Boston, MA 02110
B.B.O. # 549245

OF COUNSEL:
Thomas A. Allen, Esquire
David Weiss, Esquire
**WHITE AND WILLIAMS LLP**
1800 One Liberty Place
Philadelphia, PA 19103

Dated: July 22, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 7·22·04
_____